BEA, Circuit Judge,
concurring in part and dissenting in part:
I fully agree with the majority’s conclusion that Gary Marbut is subject to federal licensing laws. Gonzales v. Raich, 545 U.S. 1, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005), and United States v. Stewart, 451 F.3d 1071 (9th Cir.2006), foreclose Mar-but’s argument that Congress does not have the authority under the Commerce Clause to regulate the manufacture of unlicensed firearms, even if they are manufactured and initially sold within Montana only. Had the majority stopped there, I would join the opinion in full. However, the majority goes a step further and holds that the Montana Firearms Freedom Act is “necessarily preempted” because it purports to say that conduct conforming to the MFFA is not subject to federal regulation.[1] In my opinion, this section of the opinion is unnecessary. Once we decide, as we did, that Marbut’s conduct falls within the scope of federal regulation, we do not need to pass upon the validity of the MFFA. True, Marbut attempts to use the MFFA as a shield against federal regulation. But, once we decide that Congress has authority to regulate Marbut’s conduct, it is simply irrelevant whether Mar-but attempts to cloak himself in the MFFA.
Therefore, I respectfully dissent from the portion of the majority’s opinion holding that the MFFA is preempted by federal law.

. Specifically, the MFFA declares that a firearm or ammunition "manufactured ... in Montana and that remains within the borders of Montana is not subject to federal law or federal regulation, including registration, under the authority of congress [sic] to regulate interstate commerce." Mont.Code Ann. § 30-20-104.